IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ROYCE LEE ROTTINGHAUS, et al.,  )
                                )
                Plaintiffs,     )
                                )
    v.                          )    No.  07 C 4317
                                )
GOTOH DISTRIBUTION SERVICES, INC.,)
et al.,                         )
                                )
                Defendants.     )
```

<u>MEMORANDUM ORDER</u>

Counsel for Royce Lee Rottinghaus and Brenda Rottinghaus ("Rottinghauses") have brought this personal injury and loss of consortium action against Gotoh Distribution Services, Inc. ("Gotoh") and Janusz Temecki ("Temecki"), invoking federal jurisdiction on diversity of citizenship grounds.[1] This memorandum order is issued sua sponte because the Complaint's allegations are insufficient to establish federal jurisdiction.

There is no problem in that respect as to Gotoh, for Complaint ¶5 properly identifies both its place of incorporation and its principal place of business as required by 28 U.S.C. §1332(c)(1). But Complaint ¶4 speaks only of Rottinghauses' Iowa <u>residence</u> and not their states of citizenship, while Complaint ¶6

---

[1] Parenthetically, the Complaint is signed by two Waterloo, Iowa lawyers, although the court appearance on Rottinghauses' behalf has been filed by a Chicago lawyer who is not listed on the Complaint. If Iowa counsel expect to play any role in handling the lawsuit, they must of course seek admission pro hac vice (indeed, they may well have subjected themselves to the modest fee for pro hac vice status simply by signing onto the Complaint).

similarly speaks only of Temecki's Illinois <u>residence</u>. Although our Court of Appeals has counseled that such mistaken references to residence rather than citizenship call for dismissal for lack of subject matter jurisdiction (see, e.g., <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998)), this Court is loath to stick Rottinghauses with another $350 filing fee if the defects are curable (as would seem likely).

Accordingly Rottinghauses' counsel are ordered to file an appropriate amendment to the Complaint (given the Complaint's simplicity, an entirely self-contained Amended Complaint is unnecessary) on or before August 13, 2007. If no such amendment is timely filed, this Court will be compelled to heed the <u>Held</u> directive by dismissing both the Complaint and this action for lack of subject matter jurisdiction. In the meantime, however, this Court is issuing its customary initial scheduling order on the assumption that the flaws identified here are indeed curable (if such is not the case, of course, that order will become moot).

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: August 3, 2007